UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOSEVELT CHRISTIAN III,

        Petitioner,

                                    CASE NO. 2:07-CV-10894
v.                                 HON. BERNARD A. FRIEDMAN

JAN E. TROMBLEY,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

I.     Introduction

This is a habeas case under 28 U.S.C. § 2254. Roosevelt Christian, III ("Petitioner"), a Michigan prisoner, pleaded no contest to two counts of first-degree criminal sexual conduct ("CSC"), assault with a dangerous weapon, and possession of a firearm ("felony firearm") during the commission of a felony in the Wayne County Circuit Court. He was sentenced to concurrent terms of 16 to 40 years imprisonment on the CSC convictions, a concurrent term of two to four years on the assault conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2003. In his *pro se* petition for writ of habeas corpus, Petitioner raises three claims concerning the factual basis for his plea, the scoring of an offense variable, and the effectiveness of defense counsel. Respondent, through the Michigan Attorney General's office, has filed

1

a response to the petition contending that it should be denied. For the reasons set forth, the Court denies the petition for writ of habeas corpus.

II.     Facts and Procedural History

Petitioner's convictions arise from his sexual assault of his girlfriend's 14-year-old daughter at their residence in Detroit, Michigan during the early morning hours on February 10, 2003 and his conduct in pointing a gun at a police officer later that same day. Petitioner was initially charged with 12 criminal counts – three counts of first-degree CSC, six counts of assault with intent to murder, two counts of assault with a dangerous weapon (felonious assault), and one count of felony firearm - arising from those events.

On August 22, 2003, Petitioner pleaded no contest to two counts of first-degree CSC, one count of assault with a dangerous weapon, and one count of felony firearm in exchange for dismissal of the other charges and a sentencing agreement which provided for a sentence within the middle of the guideline range of 171 to 285 months (14 years, 3 months to 23 years, 9 months) imprisonment on the minimum sentence. During the plea colloquy, Petitioner acknowledged his understanding of the charges and possible sentences, the plea agreement, and the rights that he was foregoing by entering his plea. He denied that any threats or that any promises, other than those contained in the plea agreement, had been made to him to induce him to enter his plea. He stated that he was

2

pleading no contest by his own choice. Petitioner, through counsel, stipulated to the preliminary examination and the investigative report as providing a factual basis for the plea. Those records indicate that Petitioner threatened his girlfriend's 14-year-old daughter with gun and penetrated her with his tongue, finger, and penis. He subsequently pointed a handgun at a police officer who was searching for him. The trial court accepted Petitioner's no contest plea, finding it to be knowing, intelligent, and voluntary and supported by a sufficient factual basis.

The trial court conducted a sentencing hearing on September 9, 2003. At that hearing, the trial court sentenced Petitioner to concurrent terms of 16 to 40 years imprisonment on the CSC convictions, a concurrent term of two to four years imprisonment on the assault conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in accordance with the sentencing guidelines and the plea agreement.

Following sentencing, Petitioner, through counsel, filed an application for leave to appeal with the Michigan Court of Appeals, asserting that: (1) there was an insufficient factual basis to support his no contest plea as to Count III, first-degree CSC, and (2) that he should be re-sentenced because OV-3 of the sentencing guidelines was improperly scored without objection and defense counsel was ineffective. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v.*

3

*Christian*, No. 253530 (Mich. Ct. App. March 25, 2004) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Christian*, 471 Mich. 900, 688 N.W.2d 82 (2004).

Petitioner also filed a motion for relief from judgment with the trial court asserting that: (1) the trial court erred in accepting the no contest plea where there was not a sufficient factual basis; and (2) defense counsel was ineffective for stipulating that information contained in the preliminary examination and investigator's report established a factual basis for the no contest plea and for failing to object to the scoring of the sentencing guidelines. The trial court denied the motion finding that Petitioner "failed to establish entitlement to relief in accordance with MCR 6.508(D)(3)(b)(ii)." *People v. Christian*, No. 03-6732 (Wayne Co. Cir. Ct. Nov. 18, 2005). Petitioner filed an application for leave to appeal that decision with the Michigan Court of Appeals, which was denied for the failure "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Christian*, No. 269359 (Mich. Ct. App. Oct. 11, 2006) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. Christian*, 477 Mich. 981, 725 N.W.2d 340 (2007).

Petitioner thereafter filed his federal habeas petition, raising the following claims:

    I.       The trial court violated the Sixth Amendment right to due process

4

>  where there was no factual basis to support his no contest plea.
>
> II. OV-3 of the sentencing guidelines was improperly scored without objection thereby constituting ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendment of the United States Constitution.
>
> III. Defense counsel's stipulation that information contained in the preliminary examination transcript and the investigator's report did not establish a factual basis as to Count III criminal sexual conduct in the first-degree constituting ineffective assistance of counsel.

Respondent has filed an answer to the petition contending that it should be denied because the claims are not cognizable, are procedurally defaulted, and/or lack merit.

III. <u>Analysis</u>

    A. <u>Standard of Review</u>

Federal law imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court

factual determinations. 28 U.S.C. § 2254(e)(1).

 B.  Factual Basis - Habeas Claim I

Petitioner first asserts that he is entitled to habeas relief because there was an insufficient factual basis to support his no contest plea as to Count III, one of the first-degree CSC counts, to which he pleaded no contest. Respondent contends that this claim is not cognizable, lacks merit, and does not warrant habeas relief.

Under Michigan law, before a trial court may accept a criminal defendant's plea, "the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." Mich. Ct. R. 6.302(D)(1). A violation of a state law procedural rule, however, does not provide a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, there is no federal constitutional requirement that a factual basis be established to support a guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995); *Roddy v. Black*, 516 F.2d 1380 (6th Cir. 1975); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 582 (E.D. Mich. 2001). The only constitutional requirement is that a plea be knowing, intelligent, and voluntary. Petitioner

does not allege, nor does the record indicate, that his plea fails to meet that requirement. Habeas relief is not warranted on this claim.[1]

  C.  <u>Sentencing Guidelines/Ineffective Assistance - Habeas Claim II</u>

Petitioner next asserts that he is entitled to habeas relief because OV-3 of the sentencing guidelines was incorrectly scored at 10 points (for physical injury requiring medical treatment) and defense counsel was ineffective for failing to object. Respondent contends that this claim lacks merit.

As an initial matter, the Court notes that Petitioner's CSC, assault, and felony firearm sentences are within the statutory maximums. *See* Mich. Comp. L. §§ 750.520b; 750.82; 750.227b. A sentence imposed within the statutory limits is generally not subject to habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *See Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). Furthermore, any claim that the sentencing guidelines were incorrectly scored under state law fails to state a claim upon which habeas relief can be granted because it is basically a state law claim. *See Austin v. Jackson*, 213 F.3d 298,

---

[1] The Court also notes that, contrary to Petitioner's assertion, the preliminary examination transcript and investigator's report provide a sufficient factual basis for both first-degree CSC counts of the plea. In fact, those records indicate that Petitioner committed three acts of penetration, with his tongue, finger, and penis, upon the victim.

301 (6th Cir. 2000); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001); *Cook*, 56 F. Supp. 2d at 797. It is well-established that federal habeas relief does not lie for perceived errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See, e.g., Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief is not warranted on any state law sentencing issue.

A sentence may violate due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has made no such showing. The record reveals that he agreed to a sentencing guideline range of 171 to 285 months imprisonment during the plea process. Additionally, the trial court considered the facts of the crime, the plea agreement, and the pre-sentence reports at sentencing. Petitioner had an opportunity to contest the scoring of the offense variables

and other sentencing factors during the plea and sentencing proceedings. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing his sentence.

Petitioner relatedly asserts that trial counsel was ineffective for failing to object to the scoring of OV-3 at sentencing. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair proceeding. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

In this case, Petitioner has not established that counsel was deficient and/or that he was prejudiced by counsel's conduct in not objecting to the scoring of OV-3. Counsel may have reasonably determined that such an objection would be futile because there was evidence in the record to support the scoring of that offense variable at 10 points since the incident involved the sexual assault of a young girl and she was taken to a hospital following the incident. Instead of focusing on the crime, counsel stressed Petitioner's personal problems and sought leniency. Given the circumstances of the crime and the fact that the plea agreement called for a sentence within the middle of the guidelines, defense counsel may have reasonably decided not to challenge the scoring of OV-3 at sentencing. Furthermore, Petitioner has not alleged facts which demonstrate that a change in the scoring of OV-3 would have affected his sentence. He has thus failed to establish that defense counsel was ineffective under the *Strickland* standard. Habeas

10

relief is not warranted on this claim.

  D. Factual Basis Stipulation/Ineffective Assistance - Habeas Claim III

  Lastly, Petitioner asserts that he is entitled to habeas relief because defense counsel was ineffective for stipulating that the information in the preliminary examination transcript and investigator's report provided a factual basis for Count III, one of the first-degree CSC charges, because there was insufficient evidence to support every element of the crime charged (namely penetration). Respondent contends that this claim is procedurally defaulted and lacks merit.

  The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he was denied his Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

  Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a

11

reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that in plea cases, "the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id.* The Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

      Petitioner has failed to establish that counsel erred or that he was prejudiced by counsel's conduct in stipulating that the preliminary examination testimony and investigator's report provided a sufficient factual basis for Count III, one of the two first-degree CSC charges to which Petitioner plead. As noted, *supra*, those records provide a sufficient factual basis for the no contest plea to two counts of first-degree CSC. Specifically, the victim's preliminary examination testimony indicates that Petitioner committed three acts of penetration, with his tongue, finger, and penis, during the assault. Petitioner has thus failed to establish that counsel erred or that he was prejudiced by counsel's conduct. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (conclusory allegations of ineffective assistance of appellate counsel do not warrant

habeas relief); *Zettlemoyer v. Fulcomer,* 923 F.2d 284, 301 (3d Cir. 1991) (bald assertions and conclusory allegations do not provide a sufficient basis to hold an evidentiary hearing in habeas proceedings). Moreover, given the nature of the crime and the significant evidence of guilt presented at the preliminary examination, Petitioner has failed to show that defense counsel erred or acted unreasonably in stipulating to the records at issue or in advising him to accept the plea agreement.

Lastly, Petitioner has not established that but for counsel's alleged errors there is a reasonable probability that he would not have pleaded no contest and insisted on going to trial. *See Hill*, 474 U.S. at 58-59. By entering a plea, Petitioner reduced the charges against him, guaranteed that his minimum sentence would be within the middle of the guideline range, and reduced his maximum sentencing exposure from life imprisonment. The matters which he believes should have been further acted upon by counsel do not establish his innocence nor cast doubt upon the reliability of the proceedings. Under such circumstances, Petitioner cannot prevail on this claim. Habeas relief is not warranted.[2]

IV.  Conclusion

For the reasons stated, the Court concludes that the state courts' denial of relief on Petitioner's claims is neither contrary to United States Supreme Court precedent nor an

---

[2] Given this determination, the Court need not address Respondent's procedural default argument.

unreasonable application of the law or the facts. Petitioner is not entitled to federal habeas relief on the claims presented in his petition.

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

**SO ORDERED**.

S/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: December 2, 2008